*Tagged Opinion*



**ORDERED in the Southern District of Florida on November 12, 2020.**

**Laurel M. Isicoff**
**Chief United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:

CARLOS ALBERTO GARCIA,

       Debtor.
_____/

DREW M. DILLWORTH, AS CHAPTER
7 TRUSTEE,

       Plaintiff,
v.

ESTEBAN GUERRA, IVONNE PEREZ,
AND ERICKA J. PEREZ,

       Defendants.
_____/

CASE NO.   18-11056-BKC-LMI

Chapter 7

ADV. CASE NO. 20-01049-LMI

**ORDER GRANTING IN PART AND DENYING IN PART**
**<u>MOTION FOR RECONSIDERATION</u>**

This matter came before the Court on November 10, 2020 at 10:30 a.m. on Defendant's Motion for to [sic] Reconsider Order of August 25, 2020 Granting Trustee's Omnibus Motion (ECF #70) (the "Motion to Reconsider"). The Court has considered the Motion to Reconsider, argument of counsel for the Plaintiff Drew Dillworth as Trustee (the "Plaintiff") and for the Defendant Ivonne Perez (the "Defendant"), and reviewed the applicable case law and rules. For the reasons more fully outlined below, the Motion to Reconsider is GRANTED in part and DENIED in part.

The Motion to Reconsider seeks relief pursuant to Fed. R. Civ. P. 60(b) made applicable to these proceedings by virtue of Fed. R. Bankr. P. 9024.[1] The Defendant argues that the Court should reconsider its Order Granting in Part Trustee's Omnibus Motion[2] (ECF #60) (the "Sanctions Order") on the grounds of excusable neglect. Defendant's counsel argues that his failure to comply with discovery requests over a period of several months[3] was due to a litany of personal challenges exacerbated by the pandemic, and therefore his complete disregard of his obligations to his client and to the case should be excused or should be limited to monetary sanctions, the amount of which has already been resolved. Plaintiff argues that "complete abdication" of responsibility does not

---

[1] "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . excusable neglect."

[2] *Order Granting-in-Part Trustee's Omnibus Motion to: 1) Enter Order to Show Cause; 2) Award Sanctions, Fees and Costs; 3) Compel Attendance at 7030 Examination Duces Tecum; 4) Produce Duces Tecum Documents; 5) Respond to Discovery Requests; and, 6) Deem Admissions Final and Enter Presumption in Favor of Trustee* (ECF #60).

[3] Defendant's counsel also failed to appear at the hearing after which the Sanctions Order was entered.

2

constitute excusable neglect, and that, Plaintiff would be prejudiced if the Sanctions Order is modified or vacated.

The Sanctions Order granted the Plaintiff's request to compel the Defendant to respond to interrogatories, produce documents, and appear at a deposition.[4] The Sanctions Order also sanctioned the Defendant[5] for failing to timely, or even ever, respond to outstanding discovery.[6] Those sanctions are: Defendant Ivonne Perez's pleadings were stricken; Defendant Ivonne Perez was prohibited from supporting or opposing designated claims or defenses, and from introducing designated matters into evidence; and Defendant's counsel was required to pay all reasonable fees and costs associated with the various pleadings and other actions necessitated by the many failures to respond. Finally, the Sanctions Order ruled that all admissions requested in the Trustee's Request for Admissions were deemed admitted.

Excusable neglect is an equitable concept "taking account of all relevant circumstances surrounding the party's omission." *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Worldstar Communications Corp. v. Feltman (In re Worldwide Web Systems, Inc.)*, 328 F.3d

---

[4] The Sanctions Order granted in part *Trustee's Omnibus Motion to: 1) Enter Order to Show Cause; 2) Award Sanctions, Fees and Costs; 3) Compel Attendance at 7030 Examination Duces Tecum; 4) Produce Duces Tecum Documents; 5) Respond to Discovery Requests; and, 6) Deem Admissions Final and Enter Presumption in Favor of Trustee* (ECF #48) (the "Motion to Compel").

[5] There is no dispute that all of the problems and delays were caused by Defendant's counsel's failure to do his job, but as the Supreme Court observed in *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 397 (1993) "respondents [must] be held accountable for the acts and omissions of their chosen counsel."

[6] The Defendant finally responded to the outstanding discovery requests three days after the Sanctions Order was entered.

1291 (11th Cir. 2003). These factors include prejudice to the non-moving party, "the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395. *Accord Worldwide Web*, 328 F.3d at 1297 ("[A] determination of excusable neglect is an equitable one that necessarily involves consideration of all three elements – a meritorious defense, prejudice, and a good reason for not responding . . . and not . . . exclusively prejudice.").

All of the cases cited by Plaintiff, or that the Court otherwise reviewed, look at excusable neglect in the context in which it was raised. So, for example, the Supreme Court in *Pioneer* looked at "excusable neglect" through the lens of Fed. R. Bankr. P. 9006 and Fed. R. Civ. P. 6 in the context of a late filed proof of claim. In *Worldwide Web* the Eleventh Circuit looked at "excusable neglect" through the lens of Rule 60(b) in the context of a motion to set aside a default judgment. In this case the Court must consider the Motion to Reconsider through the lens of Rule 60(b) but in the context of setting aside sanctions for failure to respond to discovery, and in the context of Fed. R. Civ. P. 36(b) with respect to the request to withdraw the admissions.

This Court has already been quite lenient with others during the pandemic, and has made allowances for lack of diligence that normally would not be excused.[7] And so, while the Court appreciates, and agrees with those

---

[7] The Court also notes that Plaintiff's counsel made many overtures and gave many chances to the Defendant over several months before filing the Motion to Compel.

cases cited by the Plaintiff that hold that a "complete and ongoing abdication of duty," *Bynes v. Vilos Navigation Co., Ltd.*, No. 18-CV-61840-UU, 2018 WL 9372459, at *1 (S.D. Fla. Sept. 21, 2018), such as occurred in this case, would usually not be found excusable under the *Pioneer* standards, the Court will make that allowance in this case.

Regarding the meritorious defense aspect of the Court's consideration – this is not a Motion to Reconsider entry of a judgment; in the context of seeking reconsideration of a sanctions order, it is not clear to what the meritorious defense analysis would apply. Thus, the Court finds that the "meritorious defense" element is not applicable when a Rule 60(b) motion is not seeking reconsideration of a final judgment or other case dispositive orders such as on motions to dismiss or motions for summary judgment.

Turning to the last element – prejudice – the Plaintiff argues that he will be prejudiced if the sanctions are withdrawn, but the Court is not convinced that the Plaintiff will be prejudiced other than to have to prove his case against the Defendant, something that courts encourage, as is evident when considering how the courts address prejudice under Rule 36(b). Moreover, unlike the *Worldwide Web* case, where, by the time the issue came before the Eleventh Circuit it had been three years since the original default judgment had been entered, in this case the Motion to Reconsider was filed less than three weeks after the Motion to Compel was filed. Thus, any prejudice to the Plaintiff with respect to modifying the Sanctions Order is minimal.

Turning to Rule 36(b), the rule states that a court may permit withdrawal of an admission "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." While a trial court has some discretion regarding the decision to allow a withdrawal, that discretion is not unfettered. *Perez v. Miami-Dade County,* 297 F.3d 1255, 1263 (11th Cir. 2002). The trial court must limit its decision regarding the request solely in the context of the rule's two-part test. *Id.* at 1264.

> [W]e read Rule 36(b) as granting a district court discretion but then specifying exactly how that discretion is to be exercised. *See, e.g., . . . ; Mid Valley Bank v. North Valley Bank,* 764 F. Supp. 1377, 1391 (E.D. Cal.1991) ( "[A]lthough the motion [to withdraw admissions] is, as the parties acknowledge, directed to the sound discretion of the court, **the discretion should not be exercised in terms of the defaulting party's excuses, but in terms of the effect upon the litigation and prejudice to the resisting party**.") (internal citations omitted). Rule 36(b)'s two-part test is much more than merely hortatory; it "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." *Smith [v. First Nat'l Bank,* 837 F.2d 1575, 1577-78 (11th Cir. 1988)], (quoting Fed. R. Civ. P. 36 advisory committee's note).

*Id.* (emphasis supplied).[8]

The non-moving party must demonstrate prejudice. However, "[t]he prejudice contemplated by the Rule [36(b)] is not simply that the party who

---

[8] In *Perez,* Miami-Dade County failed to file responses to discovery, including requests for admission, for several months. The attorney for Miami-Dade County, in seeking withdrawal of the admissions (which if left to stand, conclusively established all the elements of the plaintiff's claim), advised the trial court that he had been "under the care of a psychologist for a serious mental health condition that had rendered him incapable of carrying out his professional responsibilities . . . ." *Id.* at 1261.

initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case . . . ." *Id.* at 1266 (quoting *Smith*). In *Perez*, the Eleventh Circuit rejected the plaintiff's argument that he would be prejudiced, noting: there had not yet been a trial; the plaintiff had been, and was continuing to gather evidence to prove his case; and the only prejudice likely suffered was "the inconvenience in having to gather evidence" which prejudice, the court noted, did not justify denying the motion to withdraw. *Id.* at 1268 (citing *Hadley v. United States,* 45 F.3d 1345, 1349 (9th Cir. 1995). The Court finds that in this case the Plaintiff has not demonstrated prejudice sufficient to deny withdrawal of the admissions.

For these reasons it is ORDERED as follows:

a. The Motion to Reconsider is GRANTED in part and DENIED in part.

b. The monetary sanctions shall remain in place.[9]

c. The non-monetary sanctions are removed.

d. The admissions are withdrawn.

The Defendant Ivonne Perez shall timely comply with all further deadlines in outstanding scheduling orders or file the appropriate motions with the Court (after first conferring with Plaintiff's counsel) to alter those deadlines.

---

[9] At the hearing Defendant's counsel outlined all the measures he has taken, both personally and professionally, to assure that there are no further lapses in his service to his clients. Thus, the Court does not find it necessary at this time to impose additional professionalism requirements as a condition of the relief granted. However, if there are further lapses, the Court may require Defendant's counsel to take additional measures in order to retain his right to appear before the Bankruptcy Court.

ADV. CASE NO. 20-01049-LMI

# # #

Copies furnished to:
James Miller, Esq.
Jonathan Markoff, Esq.

*Attorney Markoff shall serve a copy of this Order upon all parties in interest and file a Certificate of Service with the Clerk of Court.*